UNITED STATES DISTRICT COURT
for the
Northern District of Texas
Civil Division

| | |
|---|---|
| Letha Ravenell )<br>   *Plaintiff,* )<br> )<br>           -v- )<br> )<br> )<br>State Farm Lloyds, )<br>   *Defendant.* )<br> ) | Case No. _____<br><br><br><br>**JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

    **COMES NOW, LETHA RAVENELL** ("Plaintiff"), files this suit for damages against **STATE FARM INSURANCE COMPANY** ("Defendant") for non-payment or underpayment of insurance benefits and the handling of Plaintiff's insurance claims for damages caused to Plaintiff's property. Plaintiff asserts causes of action for negligence, breach of an insurance contract, breach of good faith and fair dealing, violations of Texas Deceptive Trade Practices Act (the "DTPA"), unconscionable action or course of action and violations of the Texas Insurance Code and in support hereof would show the Court the following:

## I.
## PARTIES TO THIS COMPLAINT

    1.    Plaintiff **Letha Ravenell** ("Plaintiff" or "Ravenell") is a Texas citizen who resides in Dallas County, Texas at 5031 Groom Lane, Dallas, Texas 75227.

    2.    Defendant **State Farm Lloyds Insurance Company** ("Defendant"or "State Farm") is an insurance company formed and existing as a Texas Lloyds Company. Defendant has its home

office in Richardson, Texas. Defendant may be served by serving Corporation Service Company dba CSC Lawyers Inco at 211 E. 7th Street Suite 620, Austin, Texas 78701 or wherever an officer of Defendant may be found.

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court and there is diversity of citizenship. The Plaintiff are domiciled in the State of Texas. Defendant State Farm Lloyds Insurance Corporation has its principal place of business in the State of Texas. However, upon information and belief, Defendant is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. Such companies consist of an association of underwriters, each of whom were, at the time of this civil action are citizens and residents of states other than Texas making State Farm a citizen and resident of states other than Texas for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

4. The amount in controversy is more than $75,000, not including interest and costs of court, because the damage to Plaintiff's property is $62,412.52 and the punitive damages claimed under the Deceptive Trade Practices Act total $187,246.56. Plaintiff additionally seeks its interest, costs, and attorney fees.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas, Dallas Division. The property at issue in this cause is in the Northern District of Texas, Dallas Division.

## III.
## STATEMENT OF CLAIM

6. Plaintiff resides at 5031 Groom Lane, Dallas, Texas 75227 ("the Property").

7. The Property was insured by Defendant under Policy insurance No. 58-EO-J992-8

("the Policy") which was in effect at the time of the loss made the subject of this lawsuit.

8. On April 28, 2020 ("DOL") the Property sustained damage from hail and wind ("Event" and "the Loss").

9. Prior to the DOL, Plaintiff purchased an insurance policy from Defendant.

10. The operative policy relevant to this dispute was issued with an effective dates of December 19, 2019 covering a one year period ending December 18, 2020.

11. At the time of the Event, Plaintiff promptly informed Defendant of the loss and was assigned claim number 4306L809M (the "Claim").

12. Plaintiff paid all premiums due under the Policy, and the Policy was in effect at the time of the loss made the subject of this lawsuit.

13. On April 29, 2020, Plaintiff contracted with 911 Exteriors to act as its general contractor for repairs at the Property needed to repair all damage authorized by Defendant to be performed as a result of the Event.

14. On June 23, 2020, Defendant issued an initial award of $1,719.66, which was below Plaintiff's deductible pursuant to the Policy, resulting in zero recovery for the damages at the Property.

15. Plaintiff disagreed with Defendant's Claim assessment and requested an appraisal ("Appraisal") pursuant to the Policy.

16. Plaintiff appointed Greg Cannon as her appraiser.

17. Defendant identified its own appraiser on November 11, 2020.

18. When the two appraisers were unable to agree on an award, an umpire was brought in to "break the tie" between the two appraisers.

19. On or about May 31, 2021, the appraisal panel issued an *Appraisal Award* ("the Award") signed by Plaintiff's appraiser and the umpire, but not by any appraiser for Defendant State Farm.

20. This Award was issued setting the amount of Plaintiff's loss at $62,412.52.

21. On June 23, 2021, Defendant issued a letter to Plaintiff refusing to pay the amount of the Appraisal award.

22. On July 14, 2021, 911 Exteriors issued a Certificate of Completion for all repairs signed by Plaintiff.

23. On September 3, 2021, Defendant again issued a letter refusing to pay the amount of the Appraisal Award.

24. On October 22, 2021, the Ensley Benitez Law Firm sent Defendant a Statutory 542A notice letter to the adjuster who issued the denial, sent to comply with the notice requirements of the Texas Insurance Code.

25. That letter recounted all of the facts of the adjustment and the appraisal and provided notice more than 60 days prior to the filing of this action regarding inaction and/or deceptive acts or practices and/or delays in payment arising from the loss which occurred on the date identified.

26. Defendant's failure to pay for the Plaintiff an appropriate amount for losses and damages sustained during the policy period is a breach of the terms of the Policy, the Texas Insurance Code, and the Deceptive Trade Practices Act.

27. Defendant's failures, acts and omissions have damaged Plaintiff in the principal amount of $62,412.52, plus the amount of costs and attorney's fees it will incur in prosecuting this

action. In addition, Plaintiff move for an award of treble damages under the DTPA for Defendant's willful and knowing violations of the Insurance Code and the DTPA.

## IV.
## AGENCY

28. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

29. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment.

30. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).

31. All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

32. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## V.
## CAUSES OF ACTION

**A. First Cause of Action – Breach of Contract**

33. Plaintiff hereby incorporates incorporate the foregoing by reference and would further show:

34. The Policy obligated Defendant to pay for direct physical loss of or damage to covered property at the premises described in the declarations section of the Policy caused by or resulting from a covered cause of loss.

35. The damage to the Property was storm-related, which is a type of damage covered by the Policy.

36. The damage identified in the Appraisal Award were $62,412.52.

37. Defendants wrongfully denied coverage on June 23, 2020, June 23, 2021, and September 3, 2021.

38. As such, Defendant breached its contractual obligations under the Policy in one or more of the following ways:

    a. Failing to pay full benefits due in a timely manner in accordance with the terms of the policy.

    b. Failing to properly investigate the claim.

    c. Failing to provide a reasonable explanation of the basis for denying the claim.

    d. Failing to promptly and equitably pay the claim once liability had become reasonably clear.

39. Defendant's breach is a proximate cause of the damages suffered by Plaintiff, for which Plaintiff now sue.

### B. Second Cause of Action – Negligence

40. Plaintiff hereby incorporates the foregoing by reference and would further show:

41. Defendant owed a duty to Plaintiff to adjust the claim and otherwise discharge its duties under the Policy in a non-negligent manner, in keeping with appropriate standard of care.

42. Defendant breached its contract to Plaintiff in one or more of the following ways:

    a. Failing to properly investigate the claim.

    b. Failing to properly adjust the claim.

    c. Failing to pay the claim in a timely manner.

43. These acts or omissions by Defendant, singularly or in any combination by Defendant are a proximate cause of the damages suffered by Plaintiff for which Plaintiff now sue.

### C. Third Cause of Action – Breach of Good Faith and Fair Dealing

44. Plaintiff hereby incorporates the factual allegations contained elsewhere herein and, pleading in the alternative, would further show:

45. From the time Plaintiff's claim was presented to Defendant, its liability to pay the claim in accordance with the terms of the policy was reasonably clear.

46. Despite there being no legitimate basis upon which a reasonable insurance company would have denied payment of Plaintiff's claim, Defendant has refused to accept the claim and pay Plaintiff.

47. At that time of the first and each subsequent denial, Defendant knew or should have known, by the exercise of reasonable diligence, its liability was reasonably clear. In this regard, Defendant failed and refused to rely on the true facts, relying instead on faulty, incomplete, and biased reasons to avoid paying a valid claim.

48. Even after the Appraisal was returned and an award of $62,412.52 in actual damages was assessed, Defendant refused and continues to refuse to pay Claim.

49. Consequently, Defendant has breached its duty to deal fairly and in good faith with Plaintiff.

50. Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by Plaintiff as more specifically described below.

51. These losses include a separate and distinct measure of damages which would not have been incurred but for the bad faith committed by Defendant. Plaintiff therefore seeks exemplary damages in an amount to be assessed by the trier of fact.

**D. Fourth Cause of Action – Deceptive Trade Practices**

52. Plaintiff hereby incorporates the factual allegations contained elsewhere herein and, pleading in the alternative, would further show:

53. Defendant engaged in certain false misleading and deceptive acts, practices and/or omissions actionable until the Texas Deceptive Trade Practices Consumer Protection Act. Texas Business and Commerce Code, Chapter 17.41 *et al* as alleged herein below.

54. Notice was given to Defendant under section 17.505 of the Texas Business Commerce Code on October 22, 2021.

55. Defendant violated section 17.46(b) of the Texas Business and Commerce Code. These violations include but are not limited to:

   a. Representation that goods or services have sponsorship approval, characteristics, uses, benefits or qualities which they do not have; and/or

   b. Representing that goods or services are of a particular standard, quality, or

   grade, or that goods are of a particular style or model, if they are not; and/or

c. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and/or

d. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

e. Hiring and relying upon a biased adjuster; in this case Defendant assigned adjusters to obtain favorable, results-oriented reports, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim in violation of the Texas Business and Commerce Code section 17.46 (31).

f. failing to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

g. hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

## E. Fourth Cause of Action - Unconscionable Action or Course of Action

56. Plaintiff hereby incorporates the factual allegations contained elsewhere herein and, pleading in the alternative, would further show:

57. Defendant engaged in one or more unconscionable actions or courses of action to the detriment of Plaintiff as that term is defined by section 17.45(5) of the Texas Business and

Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

**F. Fifth Cause of Action – Violations of Texas Insurance Code**

58. Plaintiff hereby incorporates the factual allegations contained elsewhere herein and, pleading in the alternative, would further show:

59. Defendant engaged in unfair claim settlement practices prohibited by section 541.060 of the Texas Insurance Code. Notice was given to Defendant under section 541.514 of the Texas Insurance Code on October 22, 2021. Specifically, Defendant:

   a. misrepresented to Plaintiff materially pertinent facts or policy provisions relating to a coverage issue, Texas Insurance Code section 541.060(a)(1) and/or

   b. failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendant's liability had become reasonably clear (section 541.060(a)(2)(A); and/or

   c. failed to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of a claim or offer of a compromise settlement of a claim; and/or

   d. forcing Plaintiff to file suit to recover amounts due under the policy and refusing pay all benefits due (section 542.003(b)(5); and/or

   e. refusing to pay the award of appraisal; and/or

   f. engaging in false, misleading, and deceptive acts or practices under the DTPA section 541.151(2); and/or

  g. failing to pay a valid claim after receiving all reasonably requested recorded items from the policyholder (section 541.058(a).

60. A violation of the Texas Insurance Code is a direct violation of the DTPA and because Defendant's actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to miscellaneous damages and additional penalty damages in an amount not to exceed (3) three times the amount of actual damages for Defendant having knowingly, intentionally, and/or negligently committed said action and conduct. Section 541.152

61. Further, Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the policy, by offering substantially less than the amount ultimately to be recovered.

62. Defendant's continued refusal to offer compelled Plaintiff to file suit pursuant to Insurance Code Section 542.003(5) is a breach of its duties thereunder.

63. Defendant's acts, practices, and/or omissions now complained of under section 17.46(b) of the Texas Business and Commerce Code in Chapter 541 in the Texas Insurance Code were relied upon by Plaintiff to their detriment.

**G.  Sixth Cause of Action - Breach of the Common Law Duty of Good Faith and Fair Dealing**

64. Plaintiff hereby incorporates the factual allegations contained elsewhere herein and, pleading in the alternative, would further show:

65. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the policy were more than reasonably clear.

66. However, Defendant has refused to pay Plaintiff in full, despite there being no basis

whatsoever upon which a reasonable insurance company would have relied in denying full payment.

67. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. See *Viles v. Security National Ins. Co.*, 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

68. Because Defendant has breached its common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty. Such additional costs include economic hardship, losses due to non-payment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## VI.
## KNOWLEDGE

69. Plaintiff will show that the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

70. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

71. For breach of contract, Plaintiff is entitled to recover the benefit of Plaintiff's bargain which is the amount of Plaintiff's claim together with attorney's fees.

72. For non-compliance with the Texas Insurance Code Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

73. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

74. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the Insurer's breach of duty such as additional costs, economic hardship, losses due to non-payment of the amount the Insurer owed, and/or exemplary damages for emotional distress.

75. For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff are entitled to recover a sum for the reasonable and necessary services of Plaintiff' attorneys in the preparation and trial of this action, including any appeals to the Fifth Circuit Court of Appeals and/or the Supreme Court.

76. Defendant's acts and failure to act have been the producing and/or proximate cause of damage to Plaintiff and Plaintiff seeks an amount in excess of the minimum jurisdictional amounts of this court.

## VIII.
## ATTORNEY FEES

77. As a result of Defendant's breaches, unfair and deceptive actions and conduct, and violation of the Texas Insurance Code, Plaintiff have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under authority including Texas Civil Practice and Remedies Code §38.001 et seq; TEX. BUS. & COM. CODE § 17.50(d); or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show themselves justly entitled by law and in equity.

## IX.
## ADDITIONAL DAMAGE & PENALTIES

78. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the § 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code.

79. Plaintiff is further entitled to the 18% authorized in TEX. INS. CODE § 542.060 for Defendant's failure to promptly and fully paid the Award.

## X.
## COMPEL MEDIATION

80. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff request that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## XI.
## CONDITIONS PRECEDENT

81. By letter dated September 3, 2021, Plaintiff gave Notice as required under the Texas Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq) and the Texas Insurance Code Sections 541 and 542 *et seq*.

82. Plaintiff has filed suit after the expiration of 60 days as required by Texas Insurance Code 542A.003.

83. Plaintiff has filed suit after the expiration of 60 days as required by Texas Business and Commerce Code 17.505(a).

84. All other conditions precedent to filing suit have been met, including Plaintiff payment of the insurance premium to Defendant.

## XII.
## PRAYER

85. For these reasons, Plaintiff asks that Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for:

(a) Actual damages;

(b) Reasonable and necessary attorney's fees;

(c) Extra-contractual damages for Defendant's violations of the Texas Insurance Code and the Texas Insurance Code including exemplary and punitive damages for knowing violations;

(d) Pre-judgment and post-judgment interest as allowed by law;

(e) Costs of court; and

(f) All other relief, at law or in equity, to which Plaintiff may be entitled.

## XIII.
## CERTIFICATION AND CLOSING

86. Under Federal Rule of Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or revering exiting law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

*Karen Ensley*

Karen Ensley
State Bar No. 24045835
karen@eblawtexas.com
Brian L. Benitez
State Bar No. 24082679
brian@eblawtexas.com
Denise Turnbull
State Bar No. 24067913
denise@eblawtexas.com
**Ensley Benitez Law, PC**
8140 Walnut Hill Lane, Ste. 835
Dallas, Texas 75231
(469) 983-6500 phone
(469) 983-7070 fax
**ATTORNEYS FOR PLAINTIFF
LETHA RAVENELL**